UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br> as Broadcast Licensee of the <br> June 28, 2008 "Lethal Combination": <br> Pacquiao/Diaz Event, <br><br> *Plaintiff*, <br><br> v. <br><br> SELVIN ROLANDO GARCIA, Individually <br> and d/b/a GARCIA BROTHERS BAR, <br><br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-11-2390 |

**FINAL DEFAULT JUDGMENT**

Pending before the court are the plaintiff J&J Sports Productions, Inc. ("J&J") request for entry of default (Dkt. 12) and motion for final default judgment and brief in support against defendant Selvin Rolando Garcia, individually and d/b/a Garcia Brothers Bar (Dkt. 13). After reviewing the request and motion, related filings, and applicable law, the court finds that the request and motion should be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, J&J Sports Productions, Inc. ("J&J"), is a broadcast licensee authorized to sub-license the closed circuit telecast of the June 28, 2008 "Lethal Combination": David Diaz v. Manny Pacquiao, WBC Lightweight Championship Bout (the "Event") held at the Mandalay Bay Resort & Casino in Las Vegas, Nevada. Dkt. 13, Exhs. A, A-1. In Texas, the Event was legally available to commercial establishments only through an agreement with J&J. Dkt. 13, Exh. A. After receiving sublicense fees, J&J provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.*

On June 28, 2008, at approximately 9:59 p.m., Jesse Castaneda, who is an auditor for J&J, entered Garcia Brothers Bar at 309 North 1st Street in Harlingen, Texas 78550. Dkt. 13, Exhs. A, A-2. He observed approximately 19 persons in the establishment and 2 televisions that were being viewed by the patrons inside the establishment. Dkt. 13, Exh. A-2. He observed Pacquiao and Diaz on the television monitors. *Id.*

J&J filed suit against Selvin Rolando Garcia, individually and d/b/a Garcia Brothers Bar, and Charles B. Feldman, individually and d/b/a Garcia Brothers Bar on June 24, 2011, claiming violations of 47 U.S.C. §§ 553, 605. Dkt. 1. On September 9, 2011, J&J filed a motion for substituted service, as J&J's process servers had been unsuccessful, despite several attempts, to serve Garcia or Feldman. Dkt. 4. The court allowed J&J to serve both individuals by leaving a copy of the summons, complaint, the court's procedures, and the order for substitute service with a person over the age of 18 at their residences or places of business. Dkt. 6. On November 27, 2011, Feldman filed an answer in which he claimed he was not, at the time of the event in question, the owner or manager of the Garcia Brothers Bar. Dkt. 8. On December 7, 2011, J&J filed an unopposed motion to dismiss Feldman without prejudice, which the court granted on January 3, 2012. Dkts. 9, 10. On January 6, 2012, J&J filed a return of summons for Garcia, which included an affidavit indicating that Garcia had been served pursuant to the court's order for substitute service by delivering the relevant documents to his mother, Laura Garcia, on November 8, 2011. Dkt. 11. Garcia never filed an answer or otherwise appeared in the action. J&J therefore requests entry of a default judgment. Dkts. 12, 13.

## II. ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

Garcia has was duly served via substitute service on November 8, 2011. Dkt. 11. The summons explained that failing to respond to the lawsuit within 21 days after service would result in judgment by default. Dkt. 11. Garcia has not answered or otherwise made an appearance. J&J properly served its request for entry of default and the motion for default and the motion for default judgment, under Local Rule 5.5, by mailing copies to Garcia via certified mail, return receipt requested. Dkts. 12, 13. Given defendants' failure to answer the complaint within twenty (20) days, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action.

In this case, plaintiff seeks statutory damages, additional damages, attorney's fees, costs, post-judgment interest, and a permanent injunction against the defendants. Dkt. 13. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates that courts award attorney's fees and allows courts to award full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions.[1]

---

[1] Even though plaintiff alleges violations of both § 553 and § 605, it is not clear that damages resulting from one unlawful act of cable or satellite piracy are recoverable under both sections. The Fifth Circuit has not explicitly addressed whether recovery under both sections for the same action is permissible. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996), for the proposition that a plaintiff may not recover under both sections). Even courts holding that liability overlaps between § 553 and § 605 often have chosen to impose liability under § 605 because it is more generous to plaintiffs. *See Entm't by J&J, Inc. v. Al-Waha Enter., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002).

Specifically, plaintiff has requested statutory damages in the amount of $10,000; additional damages in the amount of $50,000; attorney's fees of recovery or, alternatively, $1,000 based on four (4) hours at an hourly rate of $250; costs; post-judgment interest; and a permanent injunction prohibiting defendants from intercepting or exhibiting an unauthorized program in violation of the Federal Communication Act. Dkt. 13. The court finds the requested relief to be reasonable in this case with the exceptions that statutory damages will be awarded in the amount of $5,000; additional damages in the amount of $10,000; attorney's fees in the amount of $1,000; and post-judgment interest shall accrue at the rate of 0.20% per annum.

Furthermore, J&J is entitled to recover the following conditional awards of attorney's fees from Garcia in the following circumstances:

    a.    Ten Thousand Dollars ($10,000.00) in the event a defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

    b.    Fifteen Thousand Dollars ($15,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c.    Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

    d.    Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

    e.    Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

### III. CONCLUSION

For the foregoing reasons, plaintiff's requests for entry of default and motion for default judgment are GRANTED.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on March 22, 2012.

_____
Gray H. Miller
United States District Judge